# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KURTIS D. JONES,

     Plaintiff,

v.

WARDEN SCOTT ECKSTEIN, SGT. MENNING, C.O. HEFFERNAN, C.O. DETERING, C.O. SPENCER, DR. HARRIS-FORBES, DR. SCHWARTZ-OSCAR, JOHN KIND, LT. ANDREW WICKMAN, LT. REBECCA LENZ, LT. DANIEL CUSHING, SGT. BONNIN, and SGT. LENNOYE,

     Defendants.

Case No. 17-CV-1316-JPS

**ORDER**

  Plaintiff Kurtis D. Jones, who is incarcerated at Green Bay Correctional Institution ("GBCI"), proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). In light of Plaintiff's extreme indigence, the Court has waived payment of an initial partial filing fee. *See* (Docket #7); 28 U.S.C. § 1915(b)(4).

  The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that Defendants, all of whom work at GBCI, failed to respond appropriately to his various acts of self-harm from May 9 to May 14, 2017. (Docket #1 at 4-8). Plaintiff's allegations suffice at the screening stage to state a claim for deliberate indifference to his serious medical need—here, his risk of suicide—in violation of the Eighth Amendment. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). To state a claim of deliberate indifference to a serious medical need, the plaintiff must show: (1) an objectively serious medical condition; (2) that the defendants knew

of the condition and were deliberately indifferent in treating it; and (3) this indifference caused the plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry here, like that applicable to conditions of confinement, has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Even if an official is aware of the risk to the inmate's health, "he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)). Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

Generously construing Plaintiff's allegations, Defendants knew of his self-harming activities and took little or no action to abate them. Further factual development may undermine the knowledge component of Plaintiff's claim. Additional facts may also reveal the reasonableness of Defendants' responses to Plaintiff's self-harming behavior. Nevertheless, these and other issues must be left for a later stage of these proceedings.

Plaintiff's allegations confirm, however, that two of the named defendants were not involved in the events of the Complaint. Plaintiff does not allege that John Kind ("Kind"), GBCI's security director, had any direct role in addressing Plaintiff's self-harming issues in May 2017. Rather, Plaintiff merely alleges that "[h]e is legally responsible for the overall security of staffs and inmates[.]" (Docket #1 at 3) (capitalization altered). As the above-cited precedent shows, even if this fact is taken as true, it is insufficient to impose Eighth Amendment liability on Kind. Similarly, Plaintiff makes no mention of Warden Scott Eckstein's ("Eckstein")

knowledge of or responses to Plaintiff's May 2017 activities. Both of these defendants lacked subjective knowledge of Plaintiff's risk of self-harm, and so Plaintiff cannot proceed on a deliberate indifference claim against them. *See Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000) ("In order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act.").

Plaintiff also desires to challenge GBCI's policies with regard to suicidal inmates. (Docket #1 at 9). Such a claim would be leveled against Eckstein, GBCI's warden, in his official capacity. A suit against Eckstein in his official capacity is akin to a suit against the Department of Corrections ("DOC"). *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The DOC is a state agency, which means it is considered an "arm[ ] of the state." *Kroll v. Board of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). It, like the state of Wisconsin, enjoys immunity under the Eleventh Amendment from civil rights lawsuits filed by citizens. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67 (1989). Wisconsin's immunity extends to claims for damages in Section 1983 lawsuits. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Here, money damages are all that Plaintiff seeks. (Docket #1 at 10). Therefore, Plaintiff may not proceed on his policy claim on the basis of sovereign immunity under the Eleventh Amendment.

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Deliberate indifference to Plaintiff's serious medical needs, namely his risk of suicide in May 2017, in violation of the Eighth Amendment, against all Defendants except for Kind and Eckstein.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants John Kind and Scott Eckstein be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.