# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KURTIS D. JONES,<br><br>                 Plaintiff,<br>v.<br><br>SAMUEL MENNING, JACOB HEFFERNAN, MICHAEL DEDERING, JOSEPH SPENCER, DR. JENNIFER HARRIS-FORBES, DR. SAMANTHA SCHWARTZ-OSCAR, ANDREW WICKMAN, REBECCA LENZ, DANIEL CUSHING, JOSEPH BONNIN, and JOHN LANNOYE,<br><br>                 Defendants. | Case No. 17-CV-1316-JPS<br><br>**ORDER** |

On January 19, 2018, Plaintiff submitted two motions. The first motion is for default judgment. (Docket #19). However, Defendants answered the complaint on January 17, 2018, within the time limits set by the Court. *See* (Docket #8 and #18). Perhaps Plaintiff had not yet received a copy of the answer. In any event, Defendants are not in default and Plaintiff's motion must be denied.

Plaintiff's second motion is for appointment of counsel. (Docket #20). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent an indigent plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

As to the first *Pruitt* element, Plaintiff avers that he has sought representation from multiple lawyers. *See* (Docket #20 at 1 and #20-1). As to second element, Plaintiff's argument is largely premised on the idea that a lawyer would do a better job than him. (Docket #20 at 1-2). The Seventh Circuit has rejected this sort of reasoning. *Pruitt*, 503 F.3d at 655. Further, the Court does not believe that this case is so complex as to be beyond his capacity to present it. Though Plaintiff's allegations involve mental health treatment (or a lack thereof), they do not concern technical matters such as diagnoses. (Docket #1 at 4-9). Instead, Plaintiff suggests that Defendants either entirely ignored his self-harming activities or should have employed a severe response, such as strapping him to a chair or bed. *Id.* Finally, Plaintiff's filings have been clear and cogent (if not always meritorious), and do not reveal that the case exceeds his ability to present it. *See* (Docket #1, #16, #19, #20). Plaintiff's motion for appointment of counsel will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #19) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #20) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge