# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KURTIS D. JONES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SAMUEL MENNING, JACOB HEFFERNAN, MICHAEL DEDERING, JOSEPH SPENCER, JENNIFER HARRIS-FORBES, SAMANTHA SCHWARTZ-OSCAR, ANDREW WICKMAN, REBECCA LENZ, DANIEL CUSHING, JOSEPH BONNIN, and JOHN LANNOYE,<br><br>　　　　　　Defendants. | Case No. 17-CV-1316-JPS<br><br>**ORDER** |

　　　　The Court takes up Plaintiff's pending motions. On March 14, 2018, Plaintiff filed a motion to compel. (Docket #22). Plaintiff's motion asks for production of numerous categories of documents. *Id.* Plaintiff further states that he previously requested these documents from the Green Bay Correctional Institution records custodian, but he apparently did not receive a satisfactory response. *Id.* He also mentions issuing some discovery requests pursuant to the Federal Rules of Civil Procedure, but it is not clear to whom these were sent. *Id.* at 9. The next day, Plaintiff filed a motion to withdraw his motion to compel "in part." (Docket #23). The one-page motion does not clearly explain which portion of the motion to compel Plaintiff wishes to withdraw. *Id.*

　　　　Defendants responded to the motion to compel on March 19, 2018. (Docket #24). They explain that the withdrawal was directed at the

discovery requests discussed at the end of the motion to compel. *Id.* As to Plaintiff's remaining complaints, Defendants note two problems. First, he failed to comply with Civil Local Rule 37, which requires a certification of a good-faith attempt to resolve the dispute prior to the filing of a discovery motion. *Id.* at 2. Plaintiff's discussions with the records custodian are not a substitute for attempting to resolve his concerns with Defendants' counsel. Second, they explain how they have produced all of the documents which are both relevant and exist (other than Plaintiff's medical records which he must pay for). *Id.* at 3–9.

Plaintiff has declined to file a reply within the time allotted. Civ. L. R. 7(c). In light of the unrebutted assertions in Defendants' response, particularly Plaintiff's failure to abide by Civil Local Rule 37, Plaintiff's motion to compel must be denied. Though the Court is still not certain about the full scope of the motion to withdraw, for the sake of completeness that motion will also be granted.

On March 22, 2018, Plaintiff filed a motion to extend the time available for discovery. (Docket #26). The current discovery deadline is April 5, 2018. (Docket #13 at 2). Plaintiff says he served another set of discovery requests on March 13, 2018, and Defendants' counsel informed him that this makes them untimely, as the responses would be due after April 5. (Docket #26). Plaintiff's motion will be denied. As the Court explained in its scheduling order, extensions of time are rarely granted. (Docket #13 at 5). Plaintiff has known of the discovery deadline since December 2017 when the scheduling order was issued. He has had ample time to obtain all of the discovery materials required to litigate this matter. Plaintiff's motion offers no exceptional circumstances warranting adjustment of the discovery deadline.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (Docket #22) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw his motion to compel in part (Docket #23) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of the discovery deadline (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge