# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KURTIS D. JONES,

         Plaintiff,

v.

SAMUEL MENNING, JACOB HEFFERNAN, MICHAEL DEDERING, JOSEPH SPENCER, JENNIFER HARRIS-FORBES, SAMANTHA SCHWARTZ-OSCAR, LT. ANDREW WICKMAN, LT. REBECCA LENZ, LT. DANIEL CUSHING, JOSEPH BONNIN, and JOHN LANNOYE,

         Defendants.

Case No. 17-CV-1316-JPS

**ORDER**

**1.    INTRODUCTION**

On November 20, 2017, the Court screened Plaintiff's complaint. (Docket #8). The complaint alleged that Defendants, correctional and medical staff at Green Bay Correctional Institution, failed to respond appropriately to Plaintiff's various acts of self-harm from May 9 to May 14, 2017 while he was incarcerated there. (Docket #8 at 3). Plaintiff was allowed to proceed on a claim of deliberate indifference to his serious medical needs, namely his risk of suicide, in violation of the Eighth Amendment, against each Defendant. *Id.* at 5.

On May 1, 2018, Defendants moved for summary judgment. (Docket #36). Plaintiff's response to the motion was due on or before May 31, 2018. Civ. L. R. 7(b). That deadline has passed and no response has been received.

The Court could summarily grant Defendants' motion in light of Plaintiff's non-opposition. Civ. L. R. 7(d). However, as explained below, Defendants also present valid bases for dismissing Plaintiff's claim. For both of these reasons, Defendants' motion must be granted.

**2.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

**3.    BACKGROUND**

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered December 4, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #13 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #36). He was provided with additional copies of those Rules along with Defendant's motion. *Id.* at 3–12. In

connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #43). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Plaintiff filed absolutely nothing—no brief in opposition, much less a response to the statement of facts.[1] Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding his motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

In the absence of any factual disputes, and in the interest of brevity, the Court will discuss the material facts as part of its analysis of Plaintiff's claim. All factual discussion is drawn from Defendants' statement of proposed facts. (Docket #43).

---

[1]The last filing the Court received from Plaintiff was a notice that his address had changed. (Docket #35). Defendants mailed their summary judgment materials to both his new and old addresses. (Docket #36-1).

4.  ANALYSIS

Plaintiff generally alleges that he used various sharp metal objects to harm himself, and that Defendants' responses to that behavior violated his constitutional rights. *See* (Docket #1 at 4–9). Plaintiff's allegations implicate his Eighth Amendment right to adequate medical care. Prison officials violate that right if they exhibit deliberate indifference to an inmate's serious medical needs. *Orlowski v. Milwaukee Cnty.*, 872 F.3d 417, 422 (7th Cir. 2017). To show deliberate indifference, a plaintiff must prove that "(1) [he] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating [him]; and (3) this indifference caused [him] some injury." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Normally, a completed or attempted suicide satisfies the "serious medical condition" element. *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). However, a plaintiff still bears the burden to show that their suicidal ideation or the self-harm they inflicted was indeed "objectively [and] sufficiently" serious. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). Prison officials' refusal to treat "the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention," does not violate the Eighth Amendment. *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).

The undisputed facts demonstrate that Plaintiff did not have a serious medical need, either in suicidal ideation or in his self-inflicted wounds. Over the six days in question, Plaintiff used tiny pieces of metal or other small sharp objects to create exceedingly minor wounds. Most were so small that they did not bleed or produced a trickle of blood. Some did

not even break the skin. At his deposition, Plaintiff admitted that the wounds were not very serious. The lacerations either healed on their own or were treated with disinfectant and a bandage. Plaintiff was not hospitalized for his injuries.

The conclusion that Plaintiff's suicidal ideation was not serious is supported by his prior prison conduct and his own testimony about the facts of this case. Plaintiff was a troublesome inmate who received numerous serious conduct reports. He has a history of threatening staff members, assaulting staff, and lying to them. Plaintiff also has a record of cutting himself to achieve secondary gain—to get prison staff to move him or give him some other form of special treatment. As for the events of May 2017, Plaintiff admits that his goal was not suicide. Instead, at certain times, he wanted to be moved to a quiet, isolated room away from other loud inmates. At other points, he was simply displeased with something, such as having a custody hearing go poorly or being refused a transfer to a different prison.

Plaintiff's conduct does not rise to the level of an objectively serious medical condition. Rather, it produced minor cuts that needed, at most, the most basic first aid treatment. Plaintiff's behavior was also consistent with his history of claiming suicidal thoughts, or engaging in minor cutting incidents, in order to get what he wanted from prison staff. Because the first element of Plaintiff's claim is indisputably disproven, each of the Defendants are entitled to judgment in their favor.[2]

---

[2]Defendants further assert, assuming *arguendo* that Plaintiff presented a serious medical need, that he did not pose a genuine risk of imminent and serious self-harm. (Docket #37 at 21–24). Defendants also contend that they appropriately responded to his behavior, and in any event were well short of being deliberately indifferent to it. (Docket #37 at 24–37). In light of Plaintiff's failure to create a jury

5.  **CONCLUSION**

On the undisputed facts presented, summary judgment is appropriate in Defendants' favor on Plaintiff's claim against them. The Court must, therefore, grant Defendants' motion and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #36) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

question on the first element of his deliberate indifference claim, the Court need not analyze these arguments.